UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD RUFFIN *on behalf of himself and all others similarly situated*,

Plaintiff,

-against-

KIRSCHENBAUM & PHILLIPS P.C., et al.,

Defendants.

**MEMORANDUM
OPINION AND ORDER**

20-CV-05422 (PMH)

PHILIP M. HALPERN, United States District Judge:

Ronald Ruffin ("Plaintiff") brings this putative class action against Kirschenbaum & Phillips P.C. ("K&P"), LVNV Funding LLC ("LVNV"), Resurgent Capital Services, Limited Partnership ("Resurgent") and Sherman Financial Group, LLC ("Sherman" and together with LVNV, Resurgent, and Sherman, the "LVNV Defendants") for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., N.Y. General Business Law ("GBL") § 349, and N.Y. Judiciary Law ("Jud. Law") § 487. (*See* Doc. 33, "FAC"). K&P and the LVNV Defendants (collectively, "Defendants") move to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Rule 56.

Defendants' joint motion is supported by attorney declarations, together with exhibits, and a memorandum of law. (Doc. 58; Doc. 59, "Marshall Decl."; Doc. 60, "Scully Decl."; Doc. 61, "Def. Br."). Plaintiff's opposition consists of a brief (Doc. 61, "Pl. Opp.") and declaration in opposition (Doc. 65, "Pl. Decl."). The motion was fully briefed with the service of Defendants' attorney reply declaration (Doc. 63) and reply memorandum of law (Doc. 64, "Reply Br."). All motion papers were filed on June 8, 2021.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED IN PART and their motion for summary judgment is DENIED.

## BACKGROUND

An Income Execution dated July 24, 2019, which was prepared and signed by K&P, was served on Plaintiff in September 2019 with a notice dated September 5, 2019, by the Westchester County Sheriff's Civil Unit. (FAC ¶¶ 39, 41, 44). Plaintiff alleges that the Income Execution stated that a judgment had been "duly entered" against him, and that it directed him to "satisfy the judgment with interest together with . . . fees and expenses." (*Id*. ¶ 42). The Income Execution sought to enforce a $2,858.32 default judgment entered against Plaintiff on December 12, 2007, concerning a 2005 state court action in the Supreme Court of New York, County of Westchester. (*Id*. ¶ 33). Plaintiff, however, contends that he was not served with the 2005 state court action that had been commenced by LVNV in 2005. (*Id*. ¶¶ 30, 32, 63).

Plaintiff alleges that LVNV had employed Solomon & Solomon, P.C., a law firm that is not a defendant in this action, who, through a process server company called American Legal Process ("ALP"), obtained the default judgment. Plaintiff alleges further that the basis for the default was a false affidavit of service signed by an ALP employee, Gene Gagliardi, and notarized by its owner, William Singler. (*Id*. ¶¶ 31, 34). K&P was later substituted as counsel for LVNV in the state court action (*id*. ¶ 38), and Plaintiff alleges that by then, K&P knew or should have known that the judgment obtained against him was based on a false affidavit because: (1) ALP is infamous for its systemic sewer service practice, which had resulted in default judgments in tens of thousands of New York state court collection actions (*id*. ¶¶ 35, 50); (2) ALP's owner, Singler, pled guilty to felony scheming to defraud in a suit brought by the State of New York against ALP and Singler based upon the sewer service scheme, which was widely reported in early 2010 (*id*. ¶¶ 36-37, 50); (3) K&P was named as a Respondent in an Erie County Supreme Court case concerning ALP's

2

sewer service scheme, entitled *In the Matter of the Petition of Honorable Ann Pfau, Chief Administrative Judge of the New York State Unified Court System v. Forster & Garbus, et al.* ("*Matter of Pfau*"), and K&P entered into a Consent Order in that action (*id*. ¶ 46); (4) the submissions in *Matter of Pfau* included a chart showing that ALP process servers, including Gagliardi (the process server in Plaintiff's state court action), signed affidavits of service placing them at two or more locations simultaneously in thousands of instances (*id*. ¶¶ 47-48); and (5) the ALP scheme was highlighted in other court decisions in which K&P was counsel of record (*id*. ¶¶ 50-52).

Plaintiff alleges that although Defendants had or should have had knowledge of fraudulently prepared affidavits of service by ALP since at least 2010, they continue to enforce the collection actions relating to those judgments, have not performed independent investigations of the judgments obtained based on ALP's service, and continue to affirmatively assert the veracity of the ALP affidavits in the course of enforcing the default judgment. Indeed, "[w]hen faced with Orders to Show Cause regarding vacatur of judgments obtained by means of ALP judgments, K&P doubles down, knowingly misrepresenting the law and, without reference to the ALP Sewer Service Scheme or its knowledge of Singler's guilty plea, urging the Court to rely upon the affidavits of service that it has every reason to believe are perjured." (*Id*. ¶ 72). On September 23, 2019, Plaintiff filed such an order to show cause in the state court action alleging that, *inter alia*, he had not been served, and K&P responded with such an affirmation on October 23, 2019. (*Id*. ¶¶ 53-60). On December 6, 2019, the state court judgment was vacated. (*Id*. ¶ 61). Plaintiff commenced this action on July 14, 2020.

**STANDARD OF REVIEW**

I.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

II.   <u>Federal Rule of Civil Procedure 56</u>

Federal Rule of Civil Procedure 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Although summary judgment is generally not appropriate until after some discovery has occurred in a case, . . . a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome." *Smith v. United States Dep't of Just.*, No. 18-CV-03371, 2021 WL 2480412, at *3 (S.D.N.Y. June 17, 2021) (citing *Green v. Harris*, 309 F. Supp. 3d 10, 12 (W.D.N.Y. 2018)); *see also Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003) (procedurally proper to move for summary judgment in lieu of an answer); *5 Borough Pawn, LLC. v. Marti*, 753 F. Supp. 2d 186, 190 (S.D.N.Y. 2010) (same); *Cover v. Am. Postal Workers Union, AFL-CIO*, No. 05-CV-02430, 2006 WL 8441397, at *4 (S.D.N.Y. July 21, 2006) (same), *aff'd*, 357 F. App'x 336 (2d Cir. 2009).

Rule 56 directs that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include with its motion for summary judgment a Statement of Facts, i.e., a "separate, short, and concise statement of the material facts to which the moving party contends there is no genuine issue to be tried." Local Civ. R. 56.1(a).

III.   <u>Consideration of Documents</u>

The Court, in deciding a Rule 12(b)(6) motion, "is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41,

43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider . . . documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Still, even if a document is not incorporated into the complaint by reference, the Court may consider it "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)).

With respect to a summary judgment motion, when a district court is presented with evidence whose admissibility and authenticity is challenged, evidentiary rulings are necessary for proper resolution. "'[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,' and a 'district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence.'" *Payne v. Cornell Univ.*, No. 21-109-CV, 2022 WL 453441, at *2 (2d Cir. Feb. 15, 2022) (quoting *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013)). Hearsay that would not be admissible at trial is likewise not competent evidence on a motion for summary judgment. *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999).

Defendants have submitted to the Court the following documents annexed to the Marshall and Scully Declarations (Doc. 59; Doc. 60): (1) the First Amended Complaint filed in this action ("Exhibit A"); (2) a copy of the judgment entered against Plaintiff in the state court action ("Exhibit

B"); (3) a copy of Plaintiff's September 23, 2019 motion to vacate the default judgment filed in the state court action ("Exhibit C"); (4) a copy of the affirmation submitted in opposition to Plaintiff's motion served by K&P on October 24, 2019 ("Exhibit D"); (5) a copy of the Decision & Order entered in the state court action vacating the default judgment ("Exhibit E"); (6) an "Appearance Detail" page for the state court action from the New York State Unified Court System's E-Courts website ("Exhibit F"); (7) a transcript of a telephone call purportedly placed by Plaintiff to K&P on April 18, 2017 ("Exhibit G"); (8) a transcript of a telephone call purportedly placed by Plaintiff to K&P on May 11, 2017 ("Exhibit H"); (9) a copy of an Income Execution dated October 26, 2016 directed to Plaintiff and signed by K&P ("Exhibit I"); (10) a CD purportedly containing audio of a telephone call from Plaintiff to K&P on April 18, 2017 ("Exhibit J"); and (11) a CD purportedly containing audio of a telephone call from Plaintiff to K&P on May 11, 2017 ("Exhibit K").

Plaintiff principally challenges the propriety of any consideration of Defendants' Exhibits G through K. The Court agrees that these exhibits are not properly considered on a Rule 12(b)(6) motion, and that Defendants have failed to establish their admissibility on a summary judgment motion. Exhibits G and H are purportedly the transcripts of the audio files annexed as Exhibits J and K, and Exhibit I is an Income Execution that was purportedly served on Plaintiff in 2016 to enforce the default judgment entered against him in the state court action. These documents are not found within the four corners of the First Amended Complaint, they are not incorporated into the pleading by reference, they are not integral thereto, and there is no suggestion that they are documents possessed by or known to Plaintiff and upon which he relied in bringing the suit. The Court cannot wade into fact and credibility determinations on a motion to dismiss by considering hearsay documents that were not mentioned in, referenced in, relied upon in bringing, or actually

integral to the First Amended Complaint. Moreover, the exhibits' authenticity, accuracy, and relevance is disputed. *See Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

With respect to the audio recordings and transcripts, Defendants have not explained how the recordings were made, stored, or preserved; how the recordings were retrieved; how the transcripts were caused to be prepared; or that the conversations were in fact recorded on the dates in question. (*See* Marshall Decl. ¶¶ 9, 10; Scully Decl. ¶¶ 4, 5). Although it is possible that at trial the recordings and transcripts could be authenticated and qualified as party admissions or under an exception to the hearsay rules, it is within the Court's broad discretion to exclude this unauthenticated hearsay evidence at this juncture. Simply put, the audio files and transcripts are not properly considered on this motion. *Payne*, 2022 WL 453441, at *2; *Sarno*, 183 F.3d at 160; *see also Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 263-64 (S.D.N.Y. 2003) (discussing evidentiary standard and finding audio tapes inadmissible).

With respect to Exhibit I, even if the Court were to consider the contents of this hearsay document, it presents far more factual questions than it claims to solve. There is no evidence or competent testimony that the Income Execution was sent to a Marshall or Sheriff with instructions to restrain Plaintiff's wages, that any Marshall or Sheriff received any such request and complied, or that Plaintiff or his employer ever received such document. Indeed, these uncertainties are highlighted by the fact that while Defendants insist that the Court accept the truth of their factual assertions made in their memorandum of law, Plaintiff represents in a sworn declaration that he "was not aware of the supposed 2016 Income Execution until [his] attorney provided [him] a copy during this litigation." (Pl. Decl. ¶ 9).

In any event, Defendants have conceded the argument by not responding to Plaintiff's argument that these documents constitute inadmissible hearsay and are not properly considered on the motion. *See, e.g., Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020). The Court, in light of the foregoing, will not consider Exhibits G through K on Defendants' motion.

As regards Exhibits B through E, however, Plaintiff has incorporated in the First Amended Complaint by reference and by quoting directly from the documents, the default judgment, the submissions in support of and in opposition to Plaintiff's motion to vacate the default judgment, and the state court's subsequent decision. (*See* FAC ¶¶ 33, 53-61). Finally, with respect to Exhibit F, under Federal Rule of Evidence 201, a "court may judicially notice a fact that is not subject to reasonable dispute." Fed. R. Civ. P. 201(b). "Such facts must either be (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Dixon v. von Blanckensee*, 994 F.3d 95, 102 (2d Cir. 2021) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)). The Court may properly notice the fact that no appearances were required on the return date of the order to show cause as the document is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Dixon*, 994 F.3d at 103.[1] Accordingly, the Court considers Exhibits B through F on the motion.

---

[1] There is no dispute that the Court can consider Exhibit A on the motion, as it is the operative pleading in this action.

9

## ANALYSIS

I. <u>The FDCPA Claim</u>

The First Amended Complaint alleges violations of FDCPA sections 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1). In particular, Plaintiff alleges that Defendants violated the FDCPA by: (1) representing affirmatively or by material omission that the ALP affidavits are true and proper when they knew or should have known that the affidavits were perjured and fraudulent; (2) continuing collection action with regard to actions in which they are parties and/or attorneys of record with knowledge of the ALP fraud and without undertaking any independent investigation of the ALP affidavits; (3) knowingly attempting to enforce fraudulently obtained default judgments; and (4) failing to meaningfully review the ALP affidavits before representing that the judgments were duly entered. (FAC ¶¶ 106-109).

"The statutory purposes of the FDCPA are to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164-65 (2d Cir. 2020) (quoting 15 U.S.C. § 1692(e)); *see also Benzemann v. Citibank, N.A.*, 806 F.3d 98, 100 (2d Cir. 2015) ("The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002))). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." *Benzemann*, 806 F.3d at 100 (citing 15 U.S.C. § 1692k).

"To establish a violation under the FDCPA (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (quoting *Healy v. Jzanus Ltd.*, 02-CV-01061, 2002 WL 31654571, at *2 (E.D.N.Y. Nov. 20, 2002)). "A single violation of Section 1692e or 1692f is sufficient to hold a debt collector liable under the FDCPA." *Wagner*, 973 F.3d at 166. Section 1692e prohibits false, deceptive, or misleading representations, and section 1692f prohibits collecting or attempting to collect a debt through unfair or unconscionable means. "Both sections expressly prohibit specific conduct relating to debt collection, but the FDCPA 'enable[s] the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.'" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134-35 (2d Cir. 2017).

### A.  Statute of Limitations

A claim for violations of the FDCPA may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "In the case of multiple allegations of FDCPA violations, some occurring before and others occurring after the statute of limitations has expired, a court must determine if the non-time-barred allegations are new and independent FDCPA violations." *Scott v. Greenberg*, No. 15-CV-05527, 2017 WL 1214441, at *5 (E.D.N.Y. Mar. 31, 2017). Defendants argue that Plaintiff's FDCPA claim is time-barred (Def. Br. at 6-10), on the grounds that "the [2019] Income Execution . . . [was], at best, later acts in furtherance of a time-barred FDCPA violation," (Def. Br. at 7 (internal alterations and quotation marks omitted)). Defendants' argument is supported by documents that the Court declines to consider on this

motion, and therefore, Defendants fail to establish that there was no actionable violation of the FDCPA within the statute of limitations.[2]

Plaintiff's claim for relief alleges that Defendants violated the FDCPA within the last year by affirmatively misrepresenting the ALP affidavits as true and proper, concealing their knowledge of the falseness of the affidavits, and continuing to collect on the underlying judgment. Plaintiff has alleged plausibly that these violations occurred within the one-year statute of limitations. *See Coble v. Cohen & Slamowitz*, LLP, 824 F. Supp. 2d 568, 570-71 (S.D.N.Y. 2011); *see also Somerset v. Stephen Einstein & Assocs., P.C.*, 351 F. Supp. 3d 201, 213 (E.D.N.Y. 2019) ("Here, the Plaintiff's claim accrued upon receipt of the Income Execution."); *Kong v. Strumpf*, No. 17-CV-03514, 2018 U.S. Dist. LEXIS 164537, *10 n.2 (S.D.N.Y. Sept. 24, 2018) (Sullivan, J.) (noting in *dicta* that the Court was not convinced that plaintiff's complaint was facially untimely where her action was commenced within one year of the issuance of an income execution).

Accordingly, Plaintiff's action is not time-barred.

B. The 2019 Income Execution

Defendants argue that there was nothing false or misleading about the Income Execution, and it was not unfair or unconscionable, because: (1) judgments are presumptively valid; (2) Plaintiff has not alleged that "K&P was aware of ALP's involvement in the Collection Action at the time the Income Execution was issued" (Def. Br. at 12); and (3) the language of the 2019 Income Execution complied with the New York Civil Practice Law and Rules ("CPLR"). (*Id.* at

---

[2] Defendants proffer the Exhibit I 2016 Income Execution to support their argument that Plaintiff's claim is time-barred, because they contend the 2019 Income Execution was the same as the 2016 Income Execution, thus, "K&P was not doing anything different from what it had done long before 2019." (Def. Br. at 7). Defendants also contend that the audio recordings and transcripts (Exhibits G, H, J, and K) "establish was aware that K&P was treating the Judgment, and by extension the underlying Affidavit of Service, as valid. (*Id.*). The Court does not consider Exhibits G through K on this motion, for the reasons discussed *supra*.

10-12). Defendants further argue that any alleged misrepresentation in the Income Execution was not material, and that Plaintiff fails to state a "meaningful review claim" under section 1692e(3). (*Id*. at 13-14). The Court disagrees.

### 1. Validity of Judgments

Under New York law, a judgment "is presumptively valid" until the party against whom the default judgment is entered successfully challenges the validity of the judgment, thereby rendering it null and void. *Kong*, 2018 U.S. Dist. LEXIS 164537, *7 (collecting cases). Defendants' reliance on *Kong* for that general principle is misplaced, however, as Judge Sullivan went on to explain: "Of course, courts have recognized that an attempt to enforce a *fraudulently-obtained* default judgment may be sufficient to state an FDCPA claim." *Id*. (emphasis in original) (citing *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 550 (S.D.N.Y. 2013); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 530-32 (S.D.N.Y. 2013); *Kitchens v. Lent*, No. 17-CV-00672, 2017 WL 5151206, at *3 (E.D. Cal. Nov. 7, 2017)). In *Kong*, the plaintiff's FDCPA claim failed because she did not plead that Defendants knew that she had been improperly served at the time they issued the income execution or any time prior to her motion to vacate the default judgment against her. (*Id*.). Here, however, that is precisely what Plaintiff has alleged. (FAC ¶¶ 2, 3, 45-52, 68, 71).

### 2. K&P's Awareness of ALP's Involvement

Defendants maintain that K&P was unaware that ALP was the process server in the state court action at the time the Income Execution was issued because they were not LVNV's attorneys at the time of service.[3] "While the Plaintiff may be ultimately unable to prove that the Defendants

---

[3] It appears that Solomon & Solomon, P.C., the law firm representing LVNV when it commenced the state court action against Plaintiff and obtained the default judgment against him, was also a respondent in *Matter of Pfau*, together with K&P. (*See* Exhibit C at 25).

in fact possessed such knowledge, the Amended Complaint certainly alleges that the Defendants made a knowing misrepresentation by submitting the Income Execution notwithstanding their actual or constructive knowledge that it was improperly obtained using sewer service." *Somerset*, 351 F. Supp. 3d at 213 (citing *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 n.9 (S.D.N.Y. 2010)). Plaintiff has sufficiently alleged that Defendants were on notice as early as 2010 that default judgments based upon ALP's affidavits were potentially fraudulent and sought to enforce the default judgment despite this knowledge.[4]

3.   Compliance with the CPLR

Defendants argue that because the 2019 Income Execution tracked the requirements of the CPLR, it is not possible to find it violative of the FDCPA. That the language of the Income Execution complies with the CPLR, however, does not insulate the communication from the FDCPA because an income execution can be materially deceptive or unfair. Allegations that an income execution made no reference to a sewer service scheme despite the defendants' actual or constructive knowledge of the pervasive use of the scheme to secure default judgments has survived a motion to dismiss, because a consumer "receiving th[e] document under the authority of the Sheriff's department . . . might feel compelled to pay the debt or misunderstand their potential rights to challenge the debt." *Somerset*, 351 F. Supp. 3d at 207-08. Accordingly, Plaintiff's allegations are sufficient to withstand Defendants' motion.

---

[4] Defendants argue in their reply memorandum of law that the pleading is insufficient because Plaintiff fails to allege "that a copy of the Affidavit of Service was in K&P's possession when the Income Execution went out -- from which K&P's knowledge of ALP's involvement might be inferred." (Reply Br. at 3). Plaintiff, however, has stated facts sufficient to suggest plausibly that Defendants were on notice of the falsity of the ALP affidavits. Defendants are free to probe this issue in discovery.

4. <u>Materiality</u>

"[A] false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (internal alteration and quotation marks omitted). "This materiality requirement furthers the dual purposes of the least sophisticated consumer standard: the need to protect unsuspecting consumers from unscrupulous debt collectors and the need to ensure that debt collectors are not held liable 'for unreasonable misinterpretations of collection notices.'" *Id.* at 85-86 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." *Somerset*, 351 F. Supp. 3d at 207.

Defendants argue that it is not likely that "a least sophisticated consumer with a prior history of disputing the same debt despite the involvement of the same law firm and Sheriff's department would reverse course and agree to pay merely because he received the Income Execution." (Reply at 4; *see also* Def Br. at 13). To support their argument, they contend that the audio tapes and transcripts annexed to their motion as Exhibits G, H, J, and K establish that Plaintiff knew of the alleged debt and had resolved not to pay it. Therefore, Defendants conclude that any allegedly false statement in the Income Execution was not material. Because the Court does not consider these documents on this motion, and will not weigh any purported factual evidence at this juncture, the Court need not decide whether Defendants' hypothetical consumer would or would not be misled by the Income Execution. As pled, "the Court cannot say that the alleged misrepresentations 'were not misleading or deceptive as to the nature or legal status of [the Plaintiff's] debt' or that they would not 'have prevented the least sophisticated consumer from responding to or disputing the action.'" *Somerset*, 351 F. Supp. 3d at 208 (quoting *Gabriele v. Am.*

*Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 95-96 (2d Cir. 2012)). Defendants' motion based upon failure to plead materiality is, accordingly, denied.

### 5. Meaningful Review Claim

Defendants contend that Plaintiff cannot state a "meaningful review claim" under section 1692e(3) through its allegations that K&P issued the Income Execution without reviewing the affidavit of service in the underlying state court action beforehand. (Def. Br. at 14; Reply Br. at 7-8). They argue, again, that because a judgment is valid until set aside, an attorney may take steps to enforce a judgment by confirming that the judgment remains open of record without the need for further review of the case file. (Def. Br. at 14 (citing *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 640-41 (S.D.N.Y. 2013) and *Baltazar v. Houslanger & Assocs., PLLC*, No. 16-CV-04982, 2018 WL 3941943, at *17 (E.D.N.Y. Aug. 16, 2018))).

"Although the statutory text of § 1692e(3) merely prohibits '[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney' . . . the Second Circuit has held that 'some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA.'" *Musah*, 962 F. Supp. 2d at 640 (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 301 (2d Cir. 2003)). The analysis of whether a sufficiently meaningful attorney review has occurred in a given case turns on, *inter alia*, "whether the attorney's examination of the case file was adequate to permit determination of 'whether [the debtor] *was or was not obligated to pay the debt*. . . .'" *Id*. at 640-41 (quoting *Miller*, 321 F.3d at 305 (emphasis in original)). Because "[c]ourts have generally allowed claims to proceed past the pleading stage under this theory," including under circumstances similar to that alleged here, *Somerset*, 351 F. Supp. 3d at 213 (citing *Musah*, 962 F.

Supp. 2d at 640-41; *Baltazar*, 2018 WL 3941943, at *17), Plaintiff's section 1692e(3) shall proceed to discovery.

C.  The Opposition to the Order to Show Cause

Defendants argue that certain statements made in opposition to Plaintiff's order to show cause to vacate the default judgment in the state court action cannot be deemed false under the FDCPA. Plaintiff counters that those statements—that he "was served with a copy of the Summons and Verified Complaint in this matter by service upon a person of suitable age and discretion" and that "another copy of the Summons and Verified Complaint was mailed to [Plaintiff] by the process server on October 01, 2007" (FAC ¶ 54)—are violative of the FDCPA under circumstances where Defendants were aware at all relevant times the ALP sewer service scheme and had no good faith basis to believe that proper service had occurred. (Pl. Opp. at 21 (citing FAC ¶¶ 68-69)). Moreover, Defendants' assertions in the affirmation that "in addition to showing that the default was excusable, the [state court] Defendant must present an affidavit made by a person with knowledge of the facts that indicates a meritorious defense" misstates the applicable law. (Pl. Opp. at 21 (citing *Mayers v. Cadman Towers, Inc.*, 453 N.Y.S.2d 25 (App. Div. 1982); FAC ¶ 59)).  In other words, despite Defendants' knowledge of the scheme, they urged the state court to accept the ALP affidavits as "prima facie evidence of proper service" (FAC ¶¶ 56-57) and misstated the applicable burden on a motion for default judgment (*id*. ¶¶ 59-60), which Plaintiff contends violates the FDCPA.

While a facially valid affidavit of service creates a rebuttable presumption of proper service under New York Law, *Bank of Am., N.A. v. Moody*, 45 N.Y.S.3d 583 (App. Div. 2017), Plaintiff's affidavit in support of his motion to vacate the default judgment "set[] forth sufficient facts, including the conviction of the process server for filing false affidavits of service, to refute the

statements made by the process server in his affidavit of service" (Exhibit E; *see also* Exhibit C). Defendants also insist their urging the state court's denial of the order to show cause for failure to articulate a meritorious defense was a reasonable statement of the law "if the State Court did not dismiss the Collection Action in its entirety." (Def. Br. at 15; Reply Br. at 5). But that qualification is not included in what Defendants argued in their affirmation in opposition. (Exhibit D ¶¶ 11-19).

Defendants, indisputably on notice of the ALP sewer service scheme and Plaintiff's contentions in connection therewith, continued to enforce the collection action, affirm the veracity of the affidavit of service, and urge the state court to blindly accept the validity of the affidavits.[5] Plaintiff plausibly alleged a violation of the FDCPA in connection with Defendants' opposition to the motion to vacate the judgment, and accordingly, the claim proceeds to discovery. *See Arias*, 875 F.3d at 136.

D.  Vicarious Liability

Debt collectors, such as the LVNV Defendants, are vicariously liable for FDCPA violations committed by agents acting on their behalf, "whether or not they exercised direct control over them." *Gomez v. Resurgent Cap. Servs., LP*, 129 F. Supp. 3d 147, 156 (S.D.N.Y. 2015). Plaintiff has sufficiently alleged that K&P took actions that amount to violations of the FDCPA on behalf of LVNV, and therefore, has sufficiently alleged its vicarious liability. *See, e.g., White v. Sherman Fin. Grp., LLC*, 984 F. Supp. 2d 841, 853-54 (E.D. Tenn. 2013) (LVNV may be held liable for actions of its attorneys).

---

[5] Defendants also argue that "by the time [Plaintiff] ever saw the Opposition, his Order to Show Cause had already been submitted to the State Court for decision . . . . Thus, it is literally impossible for that document's content to have affected [his] decision-making." (Def. Br. 16). Although the Court takes judicial notice of the fact that there were no appearances required on the October 25, 2019 return date of the motion (Exhibit C at 1; Exhibit F), Plaintiff has plausibly alleged that he "expended significant time, effort and energy seeking to respond to and remedy the unlawful acts of Defendants" in having to respond to and resist the 2019 Income Execution, move to vacate the invalid default judgment, and appear in court on the initial application, all while Defendants continued to contest his application. (FAC ¶¶ 62-65).

As specifically regards Resurgent and Sherman, however, Plaintiff's allegations are insufficient to state a claim because he relies merely on their purported corporate relationship with LVNV. (FAC ¶¶ 18-29; Def. Br. at 18; Reply Br. at 9, n.11). The First Amended Complaint alleges only that the LVNV Defendants' business structure subjects all three to liability, and does not allege that Resurgent or Sherman were involved in communicating with him or attempting to collect a debt from him in an unlawful manner. *LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-09453, 2013 WL 4830935, at *5 (S.D.N.Y. Sept. 4, 2013). Accordingly, Plaintiff's claims against Resurgent and Sherman are dismissed.

## II.   The GBL § 349 Claim

GBL § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349(a). To state a claim under this section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Klausner v. Annie's, Inc.*, No. 20-CV-08467, 2022 WL 204356, at *4 (S.D.N.Y. Jan. 24, 2022) (internal quotation marks omitted). Courts construe the "consumer-oriented" requirement liberally. *New York v. Feldman*, 210 F. Supp. 2d 294, 301 (S.D.N.Y. 2002). "The requirement may be satisfied by showing that the conduct at issue potentially affects similarly situated consumers." *Scott*, 2017 WL 1214441, at *16 (internal alterations and quotation marks omitted).

Allegations that consumers are forced to respond to fraudulent lawsuits or else face the penalty of wrongful default judgments, garnished wages, restrained bank accounts and impaired credit opportunities describe the type of deceptive conduct that is prohibited by GBL § 349. *Id*. at *16-18; *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 700 (S.D.N.Y. 2015). As discussed, *supra*, Plaintiff has plausibly alleged that Defendants engaged in materially misleading conduct

under the FDCPA that has been held actionable under GBL § 349: Plaintiff has described a course

of debt collection practices seeking to collect upon judgments in which ALP was the process

server, knowing of the ALP sewer service scheme, and representing directly or indirectly to

consumers, courts, and others that the underlying affidavits of service are in all ways valid. (FAC

¶¶ 66-71). Accordingly, for the same reasons discussed *supra*, his GBL § 349 claim survives as to

K&P and LVNV, but not Resurgent and Sherman. *See Sykes*, 757 F. Supp. 2d at 428. Defendants'

motion is thus granted only as to Resurgent and Sherman.

III.   <u>The Jud. Law § 487 Claim</u>

Jud. Law § 487 provides that any attorney who has engaged in "any deceit or collusion, or

consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a

misdemeanor and liable for damages. N.Y. Jud. Law § 487.

Defendants argue that Plaintiff's allegations concerning the opposition to the motion in the

state court action fails to support the Jud. Law § 487 claim for relief. (Def. Br. at 23-25). As

Plaintiff did not respond to Defendants on this point, the claim insofar as it concerns the opposition

has been abandoned and is therefore dismissed. *Allegrino v. Ruskin Moscou Faltischek, P.C.*, No.

19-CV-08900, 2021 WL 429121, at *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, 2021 WL 5500084 (2d Cir.

Nov. 24, 2021); *Ventillo*, 2020 WL 7496294, at *12.

Defendants further argue that the claim concerning the 2019 Income Execution is

insufficient because the alleged deceit was not directed at a court and did not occur while the state

court action was pending. (Def. Br. 22-23). "The alleged deceit forming the basis for a cause of

action under § 487, if it is not directed at a court, must occur during the course of a pending judicial

proceeding." *Musah*, 962 F. Supp. 2d at 641 (internal alterations and citation omitted). As Plaintiff

acknowledges, "several federal district courts have upheld a blanket exclusion of post-judgment

restraints, levies, executions, etc." (Pl. Opp. at 27); *see, e.g., Nicholson v. Forster & Garbus LLP*, No. 11-CV-00524, 2012 WL 273150, at *2 (E.D.N.Y. Jan. 30, 2012); *Musah*, 962 F. Supp. 2d at 641. Because Plaintiff's allegations concerning the 2019 Income Execution allege deceitful statements made in a post-judgment collection document, such statements, "by definition, . . . did not 'occur during the course of a pending judicial proceeding.'" *Musah*, 962 F. Supp. 2d at 641 (quoting *Nicholson*, 2012 WL 273150, at *2). Accordingly, Plaintiff's Jud. Law § 487 claim is dismissed.

IV.   <u>Summary Judgment</u>

Defendants failed to annex a Rule 56.1 Statement of Facts in support of their alternative motion summary judgment. The failure to submit such a statement is sufficient grounds to deny the motion. *MSF Holding Ltd. v. Fiduciary Tr. Co. Int'l*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006), *aff'd on other grounds*, 235 F. App'x 827 (2d Cir. 2007); *Searight v. Doherty Enters., Inc.*, No. 02-CV-00604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying defendant's summary judgment motion without prejudice "[s]ince Defendant has failed to submit the required 56.1 statement, the Court is unable to adequately assess whether there exist any genuine issues of material fact"). The Court therefore denies Defendants' motion for summary judgment on that ground.

Even if the Court did employ a summary judgment analysis herein, based upon the instant record, the result would be the same. The salient facts are disputed, requiring a credibility determination from the Court as noted *supra*, which it will not do on a motion for summary judgment. The hearsay documents upon which Defendants principally rely in support of their motion for summary judgment are inadmissible and the Court does not consider them. Finally, for the reasons the First Amended Complaint survives the motion to dismiss, Defendants have not

established they are entitled to judgment as a matter of law. Accordingly, Defendants' alternative motion for summary judgment is denied without prejudice to renewal after the parties have had the benefit of discovery.

## CONCLUSION

For the reasons outlined above, Defendants' motion to dismiss is GRANTED IN PART. The motion for summary judgment is DENIED in its entirety. Plaintiff's claims against Resurgent and Sherman are dismissed and Plaintiff's Third Claim for Relief for violation of Jud. Law § 487 is dismissed against all Defendants.

Defendants Kirschenbaum & Phillips P.C. and LVNV Funding LLC are directed to file an Answer to the First Amended Complaint within fourteen days of the filing of this Memorandum Opinion and Order.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 58 and terminate Resurgent Capital Services, Limited Partnership and Sherman Financial Group, LLC as defendants in this action.

**SO ORDERED:**

Dated:    White Plains, New York
          March 9, 2022

_____
PHILIP M. HALPERN
United States District Judge

22